Thomas D. FERGUSON et ux., Appellants,

v.

AETNA CASUALTY & SURETY COMPANY, Argonaut Insurance Company, and Donald E. Bowles, d/b/a Shelton and Bowles Insurance Agency, Appellees.

No. 4149.

Court of Civil Appeals of Texas.

Waco.

Aug. 1, 1963.

Rehearing Denied Aug. 15, 1963.

Carter, Gallagher, Jones & Magee, Joe Hill Jones, Dallas, for appellant.

Bailey & Williams, James C. Allums, Jr., L. W. Anderson, Touchstone, Bernays & Johnston, Wade Smith, Dallas, for appellee.

McDONALD, Chief Justice.

Plaintiff sued defendant Insurance Companies upon the "medical payments provision" of policies issued upon her automobile (and sued defendant Insurance Agency upon policy which was requested but not issued). Such policies provide medical payments for the named insured who sustains *"bodily injury, caused by accident, while occupying or through being struck by an automobile."* The term "occupying" is defined in the policy as meaning *"in or upon or entering into or alighting from an automobile."*

Plaintiff had been to the beauty parlor. She left the beauty parlor, came out onto the parking lot where she had left her automobile. In front of the beauty shop was a board that went out into the parking area. Parked alongside of this board at the end of it was "an automobile". Plaintiff walked to the end of the board and reached out and grabbed the door handle of the car to support herself. While holding onto the handle for support, she stepped off the board and went down into the mud, breaking both legs and suffering other injuries. (The car plaintiff had hold of was not her own, and she was not in the act of entering such car; she was merely holding onto the handle for support as she walked around the car on her way to her own car, which was parked further down on the parking lot. However, if plaintiff was *"in or upon, or entering or alighting from"* this particular car, she would be covered by the policies. Houston Fire & Cas. Ins. Co. v. Kahn, Tex.Sup.Ct., 359 S.W.2d 892).

The Trial Court entered summary judgment that plaintiff take nothing, holding that plaintiff was not *"occupying an automobile"* within the definition of the medical payments of the policies which provide that the term *"occupying"*, is defined as *"in or upon or entering into or alighting from an automobile"*, at the time of sustaining injury.

Plaintiff appeals, contending that the trial court erred in rendering such summary judgment, and that the policies afforded coverage in the factual situation involved. Plaintiff further contends that plaintiff was *"in or upon"* the automobile that she was touching if she had *"physical contact"* with such automobile. Plaintiff had hold of the door handle to steady herself as she went around the car; she was not entering this automobile; she had not occupied this automobile, nor was she intending to enter it; she was simply holding on to the handle to steady herself as she walked around it.

The sole question for determination is whether plaintiff was *"in or upon"* the automobile she had her hand upon at the time she fell and sustained injury.

We think the language employed in the coverage of the insurance policies reasonably plain and unambiguous; and to say that plaintiff was "in or upon" the automobile she had her hand on would be placing a distorted meaning, and unreasonably strained construction upon the described

coverage.. If plaintiff had been entering or alighting from the car she had her hand upon, at the time of her injury, a different situation would be presented. We cannot say she was "in or upon" the car simply because she put her hand upon it to steady her walk around it on the way to her own car from the beauty parlor. Moreover, we reject plaintiff's contention that "physical contact" alone is the test as to whether an insured is "in or upon" an automobile. We think the trial court correctly entered summary judgment that plaintiff take nothing. All of plaintiff's points and contentions are overruled and the judgment of the trial court is Affirmed.