TOWN & COUNTRY MUT. INS. CO. ET AL. *v.* EARL OWENS, ADMINISTRATOR, ET AL.

[No. 20,729. Filed November 15, 1968. Rehearing denied December 11, 1968. Transfer denied February 26, 1969.]

*Kitley, Schreckengast & Davis,* of Beech Grove, for appellants.

*Ice Miller Donadio & Ryan,* of Indianapolis, for appellees.

PER CURIAM.—This action originated as a suit for declaratory judgment, requesting the construction of automobile liability policies issued by the appellant, Town & Country Mutual Insurance Company, and by the appellee, Manchester Insurance and Indemnity Company. The general question presented is one of determining the respective rights and liabilities of these two insurance companies.

The appellant, Town & Country, issued an automobile liability policy to the appellant, Johnny Leland Perdue, and appellee, Manchester Insurance, issued an automobile liability policy to the appellee, Earl Owens' decedent, Randall Owens. Both policies were in full force and effect at all times relevant hereto.

The appellant, Perdue, was involved in an automobile collision while operating the vehicle owned by Owens. Owens, and appellee Harlan, were passengers in the automobile at the time of the collision. The other vehicle was operated by appellee Bailey. Appellee American Security Insurance, Bailey's insurer, maintains that it has a subrogated interest in the litigation.

Appellee Manchester Insurance had added an endorsement, agreed to by their insured, which was included in the policy, limiting the so-called "omnibus clause" by removing the definition of "insured" contained in their standard policy and inserting in the place thereof:

"It is hereby understood and agreed that the insurance agreement 'definition of insured' is eliminated and such insurance as is afforded by the policy applies only to the named insured or members of his or her immediate family. *Except on occasion when on a trip, and someone may relieve Owens, with Owens in the car.* (Emphasis added).

The only question presented to this court is the interpretation of the emphasized sentence above, and thus, whether the appellant Perdue was covered under the terms of the liability policy and the attached endorsement issued by Manchester.

The parties agree that if the Manchester policy is applicable it will afford primary coverage and Town & Country will provide excess coverage.

The trial court found that the Manchester policy did not cover Perdue at the time of the accident and that therefore Town & Country was primarily liable.

The appellants filed their motion for new trial, which was overruled. The overruling of the motion for new trial is the sole assignment of error relied upon, on this appeal. Specifically, the appellant urges that:

1. The decision is not sustained by sufficient evidence, and

2. The decision is contrary to law.

Three questions must be answered affirmatively if this cause is to be reversed. These questions are:

1. Was the decedent Owens on a trip?

2. Was the appellant Perdue relieving the decedent Owens at the time of the collision?

3. Was Owens in the car at the time of the collision?

The parties agree that Owens was in the car at the time and so only the first two questions remain for our consideration.

The only facts relevant to a determination of this case are that the parties were traveling approximately seventeen blocks from one part of New Castle to another. Perdue drove this entire distance, and the decedent Owens was a passenger in the car and was eating sauerkraut.

The appellant suggests that the fact the decedent Owens was eating sauerkraut at the time of the collision would indicate, from a reasonable construction of the events, that he was, in fact, being relieved by Perdue at the time of the accident.

The appellant further urges that a "trip" is "going from one place to another", no matter what the distance. It is true that this is one definition of the word found in the dictionary. (Webster's New International Dictionary, 2nd Ed.)

The construction urged by the appellant serves to completely eliminate the endorsement. It is hardly conceivable that this was the intent of the parties.

If we were to accept the theory proposed by the appellant we would, in effect, be saying that no matter who was driving the car, or how far they were going, so long as the insured was in the car at the time, and by fair intendment, was being relieved at the time of the accident, then coverage would be afforded. To do this would be to reinstate the omnibus clause, which has been voided by agreement of the parties in the endorsement to the policy.

It is patently obvious that the endorsement in question was added in order to afford coverage to a person relieving the named assured Owens, while Owens was on a trip. Thus, a journey of seventeen blocks from one part of a small town to another, was not a "trip" as that word was intended to be defined in the agreement of the parties.

It is true, as appellant urges, that insuring agreements are to be construed against the author of the policy. However, this rule does not require this court to abandon all common sense, and blindly afford coverage where it is questionable that any coverage was so intended. The cases in point require that a *"reasonable* construction" be placed on the policy language, and do not require the courts to find coverage unless "the language fairly admits" liability. *Masonic Acc. Ins. Co. v. Jackson* (1929), 200 Ind. 472, 482, 164 N. E. 628. In the matter before us, such an interpretation of the policy language would not be reasonable, and would, in effect, be usurping the apparent intent of the parties. This we cannot do.

The decision of the trial court comes to us clothed with the presumption that a correct result was reached and the burden is upon the appellant to overcome that presumption. *A. S. C. Corporation v. First Nat. Bank, etc.* (1960), 241 Ind. 19, 23, 167 N. E. 2d 460. As the appellant in this case has failed to sustain this burden, the judgment of the trial court should be affirmed. A decision on the cross-appellant's assignment of cross-errors is rendered unnecessary by our decision in this case.

Judgment affirmed.

NOTE.—Reported in 241 N. E. 2d 368.