# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2015

Lyle W. Cayce
Clerk

No. 14-20594

LILA MCWHIRTER, Individually and as Representative of the Estate of
Eugene McWhirter,

> Plaintiff-Appellant

v.

AAA LIFE INSURANCE COMPANY,

> Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-317

Before WIENER, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lila McWhirter appeals the district court's summary-judgment dismissal of her breach of contract claim against AAA Life Insurance Company for failure to pay life-insurance benefits.  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20594

FACTS AND PROCEDURAL BACKGROUND

In August 2012, Eugene McWhirter purchased a life-insurance policy from AAA covering accidents that occurred while "exiting from any private passenger automobile . . . ." In December, McWhirter attended a party with his daughter Karen and wife Lila. After the party, Karen drove the family home and backed into the driveway. Shortly thereafter, McWhirter fell. Neither Lila nor Karen witnessed the incident. They discovered McWhirter lying in the grass near the car. In February 2013, McWhirter died as a result of the head injury he sustained during the fall.

Following McWhirter's death, Lila filed a claim with AAA seeking death benefits. In the claim forms, she described the accident as follows: "While exiting the vehicle and entering the home hit the entry step and fell backwards into the yard hitting the back of his head to the ground." She also submitted McWhirter's death certificate, an EMS report, an affidavit from a neighbor who observed the scene, and a drawing and photograph in which the neighbor showed that McWhirter was found lying parallel to the car on his back. AAA concluded that these documents, as well as Lila's description of the accident and statements made by Karen in letters to the company, indicated that McWhirter fell after exiting the car. As a result, it determined that the fall was not covered under McWhirter's policy and denied Lila's claim.

Lila brought suit in state court for breach of contract.[1] AAA removed the case to federal court and subsequently filed a motion for summary judgment. Lila submitted two affidavits in response to the motion, one from her and one from Karen. Both indicated that McWhirter fell while exiting the car. The

---

[1] Lila also asserted claims of deceptive insurance practices, deceptive trade practices, fraud, fraudulent inducement, and negligence *per se*. On appeal, she does not contest the dismissal of these claims.

district court granted the motion, finding that McWhirter fell after exiting the car. After discussing the evidence, the court observed that "[i]f McWhirter fell while getting out of the car, he would have been found . . . face down, perpendicular to [the car], or in a contorted lump." It found that McWhirter "had already placed both feet out of the car and begun to walk to the house where he slipped approaching the front step, falling backwards."

Lila appeals to this court.

## DISCUSSION

"We review a grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (citations and quotations omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." FED. R. CIV. P. 56(a). When, as here, the non-movant has the burden of proof at trial, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-movant to go beyond the pleadings and establish "specific facts showing that there is a genuine [dispute] for trial." *Id.* at 324 (citation and quotations omitted). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Celtic Marine Corp. v. James C. Justice Cos.*, 760 F.3d 477, 481 (5th Cir. 2014) (citations and quotations omitted).

AAA claims that Lila failed to put forth evidence showing a genuine dispute as to whether McWhirter fell while exiting the car. Lila claims that

her and Karen's affidavits establish such a dispute.  As the district court noted, the statements in the affidavits do not coincide with those in the claim forms submitted to AAA.  In the forms, Lila stated in multiple places that McWhirter "hit the entry step and fell backwards into the yard hitting the back of his head to the ground."  She also submitted McWhirter's death certificate, for which she was the informant.  It states that the accident resulted from a "fall from stairs."  In her affidavit, however, Lila stated that McWhirter's position on the ground indicated that "he had not yet made it" to the entry step.  Instead, she suggested that he may have fallen on "an uneven area where the edge of the driveway meets the yard."  Karen's account also appears to have shifted.  In letters to AAA, she stated that McWhirter "died from an accidental fall after exiting a vehicle" and that the fall occurred "after his exit from the rear driver side seat."  In her affidavit, however, she claimed that "I have always believed that Dad's fall occurred while he was getting out of my car."

We have held that, "without more, a vague or conclusory affidavit is insufficient to create a genuine [dispute] of material fact in the face of conflicting probative evidence." *Kariuki*, 709 F.3d at 505 (citing *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 482 (5th Cir. 2002)).  Similarly, we have noted that summary judgment is appropriate when the only fact issue is which of the plaintiff's conflicting statements is correct and the plaintiff has not adequately explained the inconsistency.  *See Metro Cnty. Title, Inc. v. FDIC*, 13 F.3d 883, 887 n.16 (5th Cir. 1994); *see also Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 136 n.23 (5th Cir. 1992).

Lila has not addressed most of the evidence indicating that McWhirter fell while approaching his house, let alone explained its inconsistencies with the affidavits upon which she relies.  She does not address her attestation in the claim forms that McWhirter "hit the entry step and fell backwards into the

yard hitting the back of his head to the ground." Nor does she mention the EMS report stating that he fell while "walking outside." Moreover, she discusses scale and visibility problems with the drawing and photograph showing the orientation of McWhirter's body but does not actually contest the orientation depicted. In her affidavit, she agrees that McWhirter "was lying on his back in the grass parallel to the car, with his head pointed toward the street."

Lila emphasizes Karen's attestation in her affidavit that, while she did not witness McWhirter's fall, she "always believed" it occurred while he was exiting the vehicle. This statement is not valid summary-judgment evidence, as it is based on belief rather than personal knowledge. *See* FED. R. CIV. P. 56(c)(4); *Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003). Similarly, Lila notes that, according to Karen, she claimed McWhirter fell "after exiting" and "after his exit from" the car not to indicate that he fell after exiting the car, but to show that he did not fall on the entry step to the house. The statements clearly suggest the opposite. In any event, such "unsubstantiated assertions" do not suffice to create a genuine dispute of material fact. *See Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

Additionally, Lila asserts there were several fact issues the court overlooked or resolved incorrectly. A dispute of fact, though, "must be material," *i.e.*, it must potentially "affect the outcome of the suit," to preclude summary judgment. *Orthopedic & Sports Injury Clinic v. Wang Labs., Inc.*, 922 F.2d 220, 223 (5th Cir. 1991) (citations and quotations omitted). The issues Lila raises do not meet this standard. For example, she claims that McWhirter was "right next to the car" rather than "a few feet away from it," as the court

concluded; that his car door was still open;[2] that it was dry on the night of the fall; and that McWhirter's death certificate describes the accident as a "fall from stairs" when in fact there is only one entry step to their house. These claims, however, do not show that McWhirter fell while exiting the car or materially undermine the extensive evidence, including Lila's and Karen's own statements, indicating that he fell while approaching the entry step to the house. As a result, Lila's claims do not suffice to demonstrate a genuine dispute of material fact.

Finally, Lila argues that insurance language relating to vehicles should be interpreted liberally in favor of the insured, citing numerous cases for support. She concedes, however, that these cases "are factually dissimilar to the instant case to such a degree that they provide little guidance." We agree. The facts and policy terms in most of the cited cases are dissimilar, and in none did a court construe a policy to cover accidents occurring outside a vehicle or items affixed to a vehicle.[3] In fact, in the most analogous case cited, the Texas Supreme Court considered whether an accident "ar[ose] out of" the "use" of a truck and noted that "if [the insured] had finished exiting the truck and then

---

[2] The fact that the car door was still open suggests that McWhirter had not closed it, but is not conclusive as to whether McWhirter had completed his exit from the vehicle.

[3] *See Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.*, 468 F.3d 857, 861 (5th Cir. 2006) (leaving child in van constitutes accident arising out of use of vehicle); *Mid-Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W.3d 151, 155 (Tex. 2010) (per curiam) (falling from pulley system attached to front of truck constitutes accident arising out of use of vehicle); *U.S. Fid. & Guar. Co. v. Goudeau*, 272 S.W.3d 603, 605 (Tex. 2008) (man hit by another's car not "occupying" his own vehicle); *Tex. Farm Bureau Mut. Ins. Co. v. Sturrock*, 146 S.W.3d 123, 134 (Tex. 2004) (tangling foot in truck door constitutes accident arising out of use of vehicle); *Mid-Century Ins. Co. of Tex. v. Lindsey*, 997 S.W.2d 153, 164 (Tex. 1999) (accidental shotgun discharge from one car to another constitutes accident arising out of the use of vehicle); *McDonald v. S. Cnty. Mut. Ins. Co.*, 176 S.W.3d 464, 476 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (men hit by another's car not "occupying" their own vehicle); *Ferguson v. Aetna Cas. & Sur. Co.*, 369 S.W.2d 844, 846 (Tex. App.—Waco 1963, writ ref'd) (woman with hand on handle of car for purpose other than entering vehicle not "in or upon" car).

fell, or if he had fallen out of the car without any involvement of the vehicle, there would be no coverage." *Tex. Farm Bureau Mut. Ins. Co. v. Sturrock*, 146 S.W.3d 123, 132 (Tex. 2004). Thus, to the extent Lila argues that McWhirter's insurance policy should be construed to apply to falls that occur after exiting a vehicle despite its language to the contrary, the cases do not support this interpretation.

AFFIRMED.