**Reversed and Remanded and Majority and Dissenting Opinions filed July 26, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00562-CV

---

## CORTNEY HILL, INDIVIDUALLY AND AS NEXT FRIEND OF D.M., Appellant

### V.

## ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Appellee

---

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2018-48768**

---

### DISSENTING OPINION

I regret I am unable to join the court's opinion and judgment in this case. I would hold that Hill and D.M. were not "occupying" the vehicle at the time of the incident and therefore did not qualify as covered persons under the uninsured/underinsured or personal injury protection coverages at issue. I would affirm the trial court's summary judgment dismissing Hill's claims.

## A.     Hill's claims

The policy defines "occupying" as "in, upon, getting in, on, out or off."  As narrowed by Hill here, the determinative question before us is whether Hill was "upon" the vehicle when the accident occurred.

Examining an identical policy definition in the context of a similar UM/UIM claim, the Supreme Court of Texas considered whether a claimant "occupied" a vehicle by being "upon" it.  *U.S. Fidelity & Guar. Co. v. Goudeau*, 272 S.W.3d 603 (2008).  There, a "Good Samaritan" stopped his car on a freeway to help a stranded motorist.  He exited his car, closed the door, and had walked around to the front when a third driver ran into both cars and pinned the claimant between them and a retaining wall.  *Id.* at 604.  The issue in *Goudeau* was whether the claimant was "upon" the vehicle when he was injured.  The court held he was not and, therefore, he was not "occupying" the vehicle at the time of the accident.  *Id.* at 606.

The case on which Hill appears to rely most heavily is *Hart v. Traders & General Insurance Co.*, 487 S.W.2d 415 (Tex. App.—Fort Worth 1972, writ ref'd n.r.e.).  Hart had come to his brother's assistance in a disabled car on the side of the highway and was working on the engine under the hood when another driver struck the car.  Like here, the issue was whether Hart was "occupying" the vehicle by being "upon" it.  The policy defined "occupying" to mean, "in or upon or entering into or alighting from."  *Id.* at 417.  After studying dictionary meanings of "upon," the court held that, under the usual and ordinary meaning of the word, Hart was "upon" the fender at the time of his injury.  Key to the court's holding was evidence that "almost all, if not all, of his entire body weight rested upon" the car's front fender at the time of the injury.  *Id.* at 418.  Hart was in fact leaning so far

over the fender and under the hood that he could not recall whether his feet even remained touching the ground. *Id.* at 417.

I note a decision cited by neither the parties nor the majority, *Ferguson v. Aetna Casualty & Surety Co.*, 369 S.W.2d 844, 845 (Tex. App.—Waco 1963, writ ref'd). The Waco Court of Appeals construed the term "occupying" in the context of a medical payments provision. Like *Hart*, the policy defined the term "occupying" to be "in or upon or entering into or alighting from an automobile"— again, a definition different from the provision in this case but one nonetheless containing the key term "upon." In *Ferguson*, a woman left a beauty shop and walked on a board leading into the parking area, toward her car. *Id.* She slipped, grabbed the handle of a different car for support, fell off the board, and broke both legs. *Id.* She argued that she was "occupying" the car because she was "upon" it by grabbing the door handle, but the Waco court disagreed:

> We think the language employed in the coverage of the insurance policies reasonably plain and unambiguous; and to say that plaintiff was "in or upon" the automobile she had her hand on would be placing a distorted meaning, and unreasonably strained construction upon the described coverage. If plaintiff had been entering or alighting from the car she had her hand upon, at the time of her injury, a different situation would be presented. We cannot say she was "in or upon" the car simply because she put her hand upon it to steady her walk around it on the way to her own car from the beauty parlor. Moreover, *we reject plaintiff's contention that 'physical contact' alone is the test as to whether an insured is 'in or upon' an automobile*.

*Id.* at 845-46 (emphasis added).

In the present case, Hill argues that she was "upon" the car because she was in physical contact with it after she inserted the gas can nozzle into the tank and "pressed her body on the car" to be as close to the car as possible. Her body was

3

"touching the car" as she was filling the tank.  At that moment, she saw the other driver's car coming toward them and screamed to everyone to move away.

I am constrained to conclude that Hill's argument is foreclosed by *Ferguson*, where the court held the claimant was not "upon" the car as necessary to occupy it when holding the car's door handle for support.  *Ferguson* is "writ refused" and thus carries the imprimatur of supreme court precedent.  *See The Greenbook: Tex. Rules of Form*, app. E (Tex. Law Review Ass'n, 13th ed. 2015) (in cases after 1927, "writ refused" denotes that the judgment of the court of appeals is correct, with "[s]uch cases hav[ing] equal precedential value with the Texas Supreme Court's own opinions").  *Hart* is distinguishable because the claimant's entire body weight was on top of the car as he worked under the hood.  We are bound by *Ferguson* and *Goudeau*, as regrettable as that outcome may be on these facts.

Hill also argues that she was "on" the car.  Under a proper reading of the policy's definition, however, the reference to "on" means "getting on."  The gerund "getting" in the phrase "getting in, on, out or off" modifies all the subsequent terms in the list.  *See Goudeau*, 272 S.W.3d at 606; *McDonald v. S. Cty. Mut. Ins. Co.*, 176 S.W.3d 464, 472 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  Hill presented no summary judgment evidence that she was "getting on" the car at the time of the accident.

For these reasons, the court errs in reversing the judgment as to Hill's claims.

## B.    D.M.'s claims

Hill also argues that a genuine and material fact question exists whether D.M. was "upon" or "getting in" the car because, according to Hill, D.M. was in the process of moving back into her car.  Hill says this is shown because D.M.

4

stated in his declaration that he was holding the door handle when Hill shouted at him to move away.

Here again, I must reject Hill's contention that D.M. was "upon" and thus occupying the vehicle by "holding the door handle" when Hill shouted for him to move away. *See Ferguson*, 369 S.W.2d at 845-46. I have no quarrel with dictionary definitions of "upon," but dictionaries do not control over supreme court jurisprudence.

In my view, Hill's alternative argument that D.M. was "getting in" the vehicle when the accident occurred is insufficient to preclude summary judgment on this record. Hill again relies on the fact that D.M.'s hand was on the door handle before being told to move away. Hill also appears to rely on statements in her affidavit to the effect that D.M. was "in the process of transferring back into my car" and, when Hill screamed, D.M. was "about to enter the car."

I disagree that this evidence gives rise to a genuine and material fact issue for two reasons. First, the two statements in Hill's affidavit suggesting that D.M. was "transferring" to her car or "about to enter the car" conflict with Hill's prior sworn testimony. In her deposition six months earlier, Hill testified that her car doors were not open at the moment she screamed, and that she did not know whether D.M. was "getting ready to get in the car" or "just walking to the car." Allstate alerted the trial court to this inconsistency in its summary-judgment reply, invoking the so-called "sham affidavit rule." "Under Rule 166a(c), a trial court may conclude that a party does not raise a genuine fact issue by submitting sworn testimony that materially conflicts with the same witness's prior sworn testimony, unless there is a sufficient explanation for the conflict." *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 87 (Tex. 2018). The statements contained in paragraphs 10 and 18 of Hill's affidavit conflict materially with her prior deposition testimony, and she

5

offered no explanation for the inconsistency. Thus, the trial court could have disregarded those statements as not presenting a genuine fact issue on whether D.M. was "getting in" the car. *Id.* Though the trial court did not state that it was disregarding the conflicting portions of Hill's affidavit, it validly could have done so under *Lujan*. We should indulge the presumption that the trial court disregarded the conflicting testimony as failing to create a genuine fact issue when, as here, the movant challenged the conflicting evidence based on the rule, the summary judgment order is general in nature and does not state otherwise, and the appellant has not challenged rule's application on appeal.

In any event, crediting all the statements in both Hill's and D.M.'s affidavits, the evidence viewed in the light most favorable to the non-movants does not give rise to a genuine issue of material fact that D.M. was "getting in" the car at the relevant time. Reading Hill's affidavit and deposition together, she told D.M. to move away from the car *before* he entered it, and the car doors undisputedly were not open when Hill told him to move away. Standing next to the car—even touching the door handle—without taking action to open the door and enter the car's interior does not constitute "occupying" the car under Texas law. This is so regardless whether D.M. had just walked toward the car, and even assuming he intended to enter it.

In its brief, Allstate asserts a separate reason why we should affirm the summary judgment as to D.M. The justices in the majority reject this alternative argument, and I agree. Allstate moved for summary judgment on D.M.'s claims on the additional ground that D.M. suffered no bodily injury as a result of the accident. Allstate attached the portion of Hill's deposition in which she testified that D.M. suffered no physical injuries. Under the policy terms, for D.M. to be eligible for UM/UIM or PIP coverages, he must have sustained a "bodily injury" as

a result of the accident. The Supreme Court of Texas has held that "bodily injury" means "an injury to the physical structure of the body" and not "purely mental, emotional, or spiritual harm." *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex. 1997); *see also Ginn v. Tex. Farmers Ins. Co.*, No. 03-96-00264-CV, 1998 WL 717120, at *6 (Tex. App.—Austin Oct. 15, 1998, no pet.) (not designated for publication) (concluding that the trial court properly granted the directed verdicts when there was no physical injury as a result of the accident).

Hill neither responded to this ground nor offered controverting evidence in her summary-judgment response raising a fact question whether D.M. suffered bodily injury as a result of the accident. The trial court's order did not specify the grounds on which the court rendered judgment, and Hill does not contest D.M.'s lack of injury on appeal. Because Allstate agreed to postpone consideration of this argument, however, I agree with the justices in the majority that we cannot affirm the judgment as to D.M. on the ground that he was not injured based on the record presented to us.

/s/     Kevin Jewell
        Justice

Panel consists of Justices Jewell, Bourliot, and Poissant. (Poissant, J., majority).

7