## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

### AT THE·

## OCTOBER TERM, 1913.

*(Continued from Volume 178.)*

KATHERINE MITCHELL, Appellant, v. GERMAN COMMERCIAL ACCIDENT COMPANY, Respondent.

St. Louis Court of Appeals, December 2, 1913.

1. **ACCIDENT INSURANCE: Accidental Death While Passenger: Construction of Policy.** A policy insuring against loss of life from injuries caused exclusively by external, violent, and accidental means, received while riding as a passenger in a place regularly provided for the transportation of passengers within a surface or elevated railroad car, does not cover a death resulting from an attempt to ·board a moving street car.

2. **INSURANCE: Rules for ·Construing Policies.** Language employed in an insurance policy is to be construed so as to effectuate the insurance and not so as to defeat it, and where the language is doubtful in the least, it is to be strictly construed against insurer and in such a way as to protect the interests of insured, so that, where words are susceptible of the interpretation given them by insured to afford indemnity, they will be so construed, although insurer, in fact, intended otherwise; but this rule does not authorize the courts to distort certain and definite covenants, expressed in plain English, so as to make them include a risk which is clearly excluded by the insurance contract.

179 Mo. App.]                    (1)

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen*, Judge.

AFFIRMED.

*Barclay, Fauntleroy, Cullen & Orthwein, Igoe & Carroll*, and *Wm. R. Gilbert* for appellant.

The court erred in giving the peremptory instruction, because death from accident is covered by the policy. (a) The exemption from liability for injuries, not received on a common carrier, does not refer to the death provision, but is limited to the injuries mentioned. Chatterton v. Ins. Co., 68 N. J. L. 79. Where the company has by its policy distinguished between injuries and injuries, fatal or otherwise, injuries means only those not resulting in death. McGlinchey v. Fid. & Cas. Co., 80 Maine 251. (b) By the policy itself where it is intended to include injuries and death, the injuries are referred to, as fatal or otherwise, as witness the language where the exemption from liability while under the influence of liquor, violating the law, or suffering from vertigo or exposure. Where a policy is capable of two meanings that which is favorable to the insured will be adopted. Stix v. Travelers Ind. Co., 157 S. W. 870; Hoffmann v. Accident Ind. Co., 56 Mo. App. 301. (c) And if susceptible of the construction invoked by the assured, that construction will be enforced. La Force v. Ins. Co., 43 Mo. App. 518. (d) The contract will be construed to effectuate the indemnity. Roseberry v. Benev. Ass'n, 143 Mo. App. 552. (e) And this is true, although the insurer may have intended otherwise. Hoffmann v. Acc. Ind. Co., 56 Mo. App. 301; Hale v. Ins. Co., 46 Mo. App. 508; La Force v. Ins. Co., 43 Mo. App. 518. (f) The courts will not permit a company to ingeniously construct a policy to hold out hope in one part while defeating it in another. Fidelity and Casualty Co. v. Hart, 133 S. W. 996, 999.

*Jones, Hocker, Hawes & Angert* and *J. Lionberger Davis* for respondent.

(1)   A case must be heard and determined in the appellate court upon the same theory upon which it was tried and determined below.   Huss v. Bakery Co., 210 Mo. 44; Hume v. Hale, 146 Mo. App. 659; Manzke v. Goldenberg, 149 Mo. App. 12.   (2)   The contract of insurance clearly provides for limited accident insurance as indicated in the application and policy and not for ordinary life insurance.

NORTONI, J.—This is a suit on a policy of accident insurance.   At the conclusion of the evidence the court gave judgment for defendant as a, conclusion of law, and plaintiff prosecutes the appeal.

It appears that plaintiff is the widow of Charles C. Mitchell, the insured, and as such she is the beneficiary in the policy.   Charles C. Mitchell, plaintiff's insured husband, came to his death from injuries received while attempting to board a moving street car in the city of St. Louis, but before he had entered the same.   The suit is for $1000, the death benefit specified in the policy, provided death occur from accidental cause while the insured is riding as a passenger in a place regularly provided for the transportation of passengers within a car.

It is argued for plaintiff that the $1000 death benefit vouchsafed in the policy obtains in favor of plaintiff, if the death was caused from any external or violent injury occasioned through accident, and the question for consideration relates alone to an interpretation of the policy provision touching this subject-matter.   So much of the policy as is relevant will be copied here.   After preliminary recitals, the policy stipulates insurance as follows:

"A.   In the sum of $1000 FOR LOSS OF LIFE, or
Special features—

Loss of both entire eyes, meaning total, permanent and irrecoverable loss of the sight of both eyes ............................ $500

Loss of both entire hands, by actual and complete severance at or above the wrists...... $500

Loss of both entire feet, by actual and complete severance at or above the ankles ......... $500

Loss of one entire hand and one entire foot, by actual and complete severance at or above the wrist and ankle ........................ $250

Loss of one entire hand, by actual and complete severance at or above the wrist ............ $100

Loss of one entire foot, by actual and complete severance at or above the ankle .......... $100

Loss of one entire eye, meaning total, permanent and irrecoverable loss of the sight of one eye ..................................... $50

"Provided such injuries are effected exclusively by external, violent and accidental means, which independently of all other causes, immediately, continuously and wholly disable the insured, or be the sole cause of the death, or dismemberment, or loss of sight of the insured, within thirty days from the date of the event causing such injury, and said injuries to the insured shall occur while riding as a passenger in a place regularly provided for the transportation of passengers, within a surface or elevated railroad car, steamboat or other public conveyance provided by a common carrier for passenger service only, including a passenger elevator, and in consequence of a collision or other accident causing actual and material damage to the conveyance in which the insured is so riding."

By way of condensation, we may eliminate, for the moment, the several specifications for loss of eyes, hands, feet, etc., and consider that alone which per-

tains to the loss of life, for such is the case in judgment. In such circumstances the policy provides insurance, "A. in the sum of $1000 for loss of life . . . provided such injuries are effected exclusively by external, violent and accidental means which shall independently of all other causes . . . be the sole cause of the death . . . within thirty days from the date of the event causing such injury; and said injuries to the insured shall occur while riding as a passenger in place regularly provided for the transportation of passengers within a surface or elevated railroad car, steamboat or other public conveyance provided by a common carrier for passenger service only, including a passenger elevator, and in consequence of a collision or other accident causing actual and material damage to the conveyance in which the insured is so riding." It is conceded here that there was no collision or other accident causing actual and material damage to the street car plaintiff's husband sought to board, and it is conceded, too, that he had not attained a place within the car, for he met his death on the street in an attempt to take passage on the conveyance. The language of the policy is entirely clear to the effect that insurance in the sum of $1000 for accidental death is vouchsafed only in those cases where the injuries received which result in death occur while riding as a passenger in a place regularly provided for the transportation of passengers by a common carrier, etc. The proviso of the policy above copied goes to the effect, not only that the injuries from which the death results shall be effected exclusively by external, violent and accidental means, but, through the conjunction "and," stipulates that it is provided, as a condition of the insurance as well, that the injuries to the insured shall occur while riding as a passenger, etc. This is entirely clear.

There can be no doubt of the rule of construction which obtains, to the effect that language employed in

insurance policies is to be construed so as to effectuate the insurance and not for the purpose of defeating it, for it is said the insurance vouchsafed is the very object and purpose of the contract. It is true, too, that if the language employed in the policy is in the least doubtful it is to be more strictly construed against the company who selects and incorporates it into the policy, and in such a way as to protect the interests of the insured who has paid a consideration for the indemnity. [See Stix v. Travelers' Indemnity, etc. Co., 175 Mo. App. 171, 157 S. W. 870, 872.] Therefore, as another court has expressed it, if the words employed in the policy are susceptible of the interpretation given them by the insured to afford indemnity, they will be so construed although the insurer in fact intended otherwise. [See La Force v. Williams City Ins. Co., 43 Mo. App. 518, 530.]

Under this rule of construction, it is urged the policy should be interpreted here as one providing indemnity against every death resulting from external injuries received through an accidental cause, for it is said that a subsequent provision of the policy implies as much in discriminating between injuries, "fatal or otherwise," and therefore suggests the thought that the injuries contemplated in the portion of the policy above copied, which are covered only when riding within the passenger car, are those other than from which death ensues. Among the conditions printed on the policy, it is stipulated that "this insurance does not cover . . . injuries fatal or otherwise resulting from vertigo or from exposure to unnecessary danger . . . or while racing, etc." Because this exemption from liability for loss on account of such injuries, fatal or otherwise, provided in terms in this condition of the policy does not include as well an express exemption from liability for death from accident when not riding as a passenger within the car, it is urged the prior provisions of the policy should be con-

strued as limiting the insurance on the condition of being a passenger within the car to those injuries only from which death does not ensue. But we are unable to discern anything in this portion of the policy which should be regarded as enlarging the covenant of indemnity in the provisions above set forth. It is obvious this condition of the policy provides an exemption in certain cases which might be otherwise included as within the covenant of insurance, but it is equally obvious that the covenant of insurance whereby $1000 is stipulated in event of death does not include a death from accident, except it occur while the insured is a passenger. Though it be that the language of insurance contracts is to be construed most favorably to the insured and against the insurer with a view to effectuating the insurance and that all doubtful language is to be resolved in favor of the insured, the courts are not authorized to seize upon certain and definite covenants, expressed in plain English, with violent hands and distort them so as to include a risk clearly excluded by the insurance contract.

    The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.