## KYLE BOWLIN v. STATE FARM MUTUAL AUTO-MOBILE INSURANCE COMPANY.—327 S. W. (2d) 66.

Eastern Section.  February 26, 1959.

Certiorari Denied by Supreme Court June 5, 1959.

Taylor & Inman, Morristown, for plaintiff in error.

W. J. Barron, Morristown, for defendant in error.

HOWARD, J.   Referring to the parties as they appeared below, the defendant, State Farm Mutual Automobile Insurance Company, admits that the pleadings and issues are correctly stated in the plaintiff's brief, as follows:

"This case originated in the General Sessions Court of Hamblen County, Tennessee.   The Civil warrant filed by the plaintiff, Kyle Bowlin, against the defendant, State Farm Mutual Automobile Insurance Company, alleged that the defendant had issued its policy of liability insurance to the plaintiff, which policy contained, under Coverage 'C' therein, a medical-pay agreement; that the plaintiff, on February 15, 1958, was driving his pick-up truck insured by the policy of insurance when it became stalled in the snow; that he got out of the truck to push, while his wife steered, and injured his back while so pushing the truck, incurring medical expenses in the amount of $253.31 for which he sued.

"The suit was tried by the Sessions Judge, who rendered judgment for plaintiff. Defendant appealed to the Circuit Court when the case was heard de novo by the Circuit Judge sitting without a jury, resulting in a judgment for defendant.   Plaintiff seasonably made a motion for a new trial, which was overruled. Plaintiff prayed and was granted an appeal to this Court, and seasonably perfected same.

\*     \*     \*     \*     \*     \*

"The facts of this case are not disputed. The plaintiff was the only witness to testify. On February 15, 1958, his pick-up truck became stalled in the snow. He called his wife from the house to drive the truck while he pushed. Plaintiff pushed the truck from the rear of the cab with his shoulder and hands, and, while pushing, felt a sharp sting and pain in his back. For this back injury he required hospitalization and medical treatment, and his expenses amounted to $253.31.

"At the time of his injury, there was in force and effect a policy of liability insurance on said truck, which policy contained a medical-pay clause or agreement, under Coverage 'C'.

"By this policy, the defendant agreed 'to pay reasonable expenses * * * to * * * each person who sustains bodily injury, caused by accident, while in or upon, entering into or alighting from * * * the automobile * * *'

"The defendant's liability is limited to $500.00.

"Counsel for the respective parties agreed that the only issue involved was whether or not the plaintiff had sustained an injury by accident within the meaning of Coverage C of his policy." ·

■ Under Clause "C" of the policy involved, the defendant becomes liable for medical expenses for "bodily injury, caused by accident, while in or upon, entering into or alighting from, or through being struck by the automobile, * * *" We think that the language employed in stating the coverage is reasonably plain and unambiguous, and to say that the insured was "upon" the

truck when he was behind pushing it, would be placing a distorted meaning upon the language used. He was neither "in" nor "upon" the truck at the time. As was said in Mitchell v. German Commercial Acc. Ins. Co., 179 Mo. App. 1, 161 S. W. 362, 363, "The courts are not authorized to seize upon certain and definite covenants expressed in plain English with violent hands and distort them so as to include a risk clearly excluded by the insurance contract."

In Standard Life Ins. Co. v. Hughes, 203 Tenn. 636, 315 S. W. (2d) 239, 243, our Supreme Court quoted with approval from Murphey v. Inter-Ocean Casualty Co., 98 Ind. App. 668, 186 N. E. 902, wherein the Indiana Court said:

"Generally speaking, an exclusion clause cannot be used to create liability where none would otherwise exist. While we recognize and adhere to the rule that insurance contracts which are reasonably subject to conflicting interpretations are strictly construed against the insurer, yet, the construction should be a fair and reasonable one, and such as will be in accord with the language used in the contract itself. It does not seem reasonable that the parties to the contract intended or understood that, by the exclusion of injuries sustained under certain conditions, liability should be incurred if the insured was injured or killed while at a place where the insuring clause did not cover him."

The rule is well settled that where there is no ambiguity, it is the duty of the Court to apply to the words used their ordinary meaning, and neither party is to be favored in their construction. Brown v. Tennessee

Auto Ins. Co., 192 Tenn. 60, 237 S. W. (2d) 553. Nor will the Court create an ambiguity where none exists. Wallace v. State Farm Mutual Automobile Ins. Co., 187 Tenn. 692, 216 S. W. (2d) 697.

Accordingly, it is our view that the place where the plaintiff sustained his injury was not ''in or upon'' the truck within the language and meaning of the policy, and that the judgment should be affirmed.

Affirmed at plaintiff-in-error's costs.

McAmis, P. J., and Hale, J., concur.