IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 4, 2010 Session

**FLOYD L. FLETCHER, ET AL. v. ASHLEY R. WHITE, ET AL.**

**Appeal from the Circuit Court for Knox County**
**No. 1-511-07     Dale Workman, Judge**

_____

**No. E2009-01199-COA-R3-CV - Filed September 22, 2010**

_____

Mr. Fletcher, who was injured in an automobile accident involving an uninsured motorist, sued the insurance company after it denied uninsured motorist benefits under his towing policy. Insurance company filed a motion for summary judgment claiming that the towing policy did not provide uninsured motorist coverage for Mr. Fletcher's accident because it involved a non-covered auto. After a hearing on the motion, the trial court granted summary judgment to the insurance company. Mr. and Mrs. Fletcher appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Byron D. Bryant, Knoxville, Tennessee, for the appellants, Floyd L. Fletcher and Fayda S. Fletcher.

Toby R. Carpenter, Knoxville, Tennessee, for the appellee, Consumers Insurance USA, Inc.

**OPINION**

**I. FACTUAL BACKGROUND**

This appeal arises from an automobile accident. At the time of the accident, Floyd Fletcher was riding as a passenger with his friend, Joey Hensley. Before reaching their destination, Ashley White, an uninsured motorist, lost control of her car and struck Mr. Hensley's vehicle head-on. Mr. Fletcher sustained serious injuries, including a fractured skull, and he was taken to the hospital by ambulance.

Because Ms. White did not have car insurance, Mr. Hensley and Mr. Fletcher collected uninsured motorist benefits through their respective insurance policies. Mr. Fletcher recovered under both polices, for a total recovery of $50,000.

At the time of the accident, Floyd Fletcher owned and operated Floyd's Salvage and Wrecker Service, and he had previously obtained insurance for his business. Consumers Insurance USA, Inc. ("Consumers") issued a Towing Policy ("the Policy") to Floyd Fletcher DBA Floyd's Savage & Wrecker. The Policy included uninsured motorist coverage with a limit of $100,000. The Policy also included a Business Auto Coverage Form ("BAC Form"), which provided insurance coverage to two wrecker trucks used by Mr. Fletcher in his business. A separate document, the Tennessee Uninsured Motorist Coverage Endorsement ("UM Endorsement"), outlined the uninsured motorist coverage to the wrecker trucks. The UM Endorsement modified the insurance provided by the BAC Form and stated that uninsured motorist coverage was limited to "a covered 'auto' licensed or principally garaged in or 'garage operations' conducted in, Tennessee."

Due to the extent of Mr. Fletcher's injuries, he and his wife, Fayda Fletcher (collectively "Plaintiffs"), initiated a negligence suit against Ms. White and Consumers, alleging damages as a result of the accident.

Consumers filed an answer to the complaint, preserving all defenses under the terms and conditions of the insurance policy. Subsequently, Consumers filed a motion for summary judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure. Consumers argued that it was entitled to judgment as a matter of law because at the time of the accident, Mr. Fletcher was not occupying a vehicle covered by the insurance policy. After a hearing on the motion, the trial court granted summary judgment in favor of Consumers. The trial court entered an order, dismissing Plaintiffs' claims against Consumers with prejudice, on March 17, 2009.

The United States Bankruptcy Court for the Eastern District of Tennessee granted a discharge to Ms. White on June 27, 2008. A discharge in bankruptcy enjoins the continuation of any action to recover a debt as a personal liability of the debtor. As a result, on May 8, 2009, Plaintiffs moved to voluntarily dismiss without prejudice Ms. White. Plaintiffs filed a notice of appeal on June 5, 2009.

## II. ISSUES PRESENTED

Plaintiffs raise the following issue for review, which we restate as:

A. Whether the trial court erred in granting Consumers' motion for summary

judgment.

Consumers raises two additional issues:

B.  Whether Plaintiffs filed a timely appeal pursuant to Rule 24 of the Tennessee Rules of Appellate Procedure or alternatively, filed an appeal from a final judgment.

C.  Whether Plaintiffs' appeal is moot because of the voluntary dismissal of their action against Ms. White.

## III.  STANDARD OF REVIEW

Tenn. R. Civ. P. 56.04 provides that summary judgment is appropriate where:  (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts.  *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993).

In *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1 (Tenn. 2008), the Tennessee Supreme Court clarified the moving party's burden of proof in a summary judgment motion. A moving party who seeks to shift the burden of production to the non-moving party who bears the burden of proof at trial must either:  (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial.  *Id*. at 8-9.  According to the Court, when a party seeking summary judgment has made a properly supported motion, the burden shifts to the non-moving party to set forth specific facts establishing the existence of disputed, material facts, which must be resolved by the trier of fact.  *Id*. at 5*; see Byrd*, 847 S.W.2d at 215; *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997).  The non-moving party may not simply rest upon the pleadings, but must offer proof by affidavits or other discovery materials (depositions, answers to interrogatories, and admissions on file) to show that there is a genuine issue for trial.  If the non-moving party does not so respond, then summary judgment, if appropriate, shall be entered against the non-moving party. Tenn. R. Civ. P. 56.06.

There is no presumption of correctness for summary judgments on appeal. *See Nelson v. Martin*, 958 S.W.2d 643, 646 (Tenn. 1997); *City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997).  This court must view all of the evidence in the light most favorable to the non-movant and resolve all factual inferences in the non-movant's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox County Bd. of Educ*., 2 S.W.3d 927, 929 (Tenn. 1999).  When the undisputed facts, however, support only one

conclusion, then the moving party is entitled to judgment as a matter of law and a summary judgment will be upheld. *See White v. Lawrence,* 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV. DISCUSSION

Timeliness of the Appeal

At the outset, we address whether this appeal should be dismissed for lack of jurisdiction. Consumers contends that this court should dismiss this appeal because Plaintiffs failed to timely file their notice of appeal as required by Tenn. R. App. P. 24. In the alternative, Consumers argues that Plaintiffs did not appeal a final judgment because the order granting the voluntary dismissal without prejudice is not a final judgment.

An appeal as of right in a civil case must be from a final judgment. *See* Tenn. R. App. P. 3(a). A judgment is final "when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court." *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995) (quoting *Saunders v. Metropolitan Gov't of Nashville and Davidson County*, 383 S.W.2d 28, 31 (Tenn. 1964)). Tenn. R. App. P. 3(a) provides:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure[1], *if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.*

(emphasis added).

------

[1]"When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties." Tenn. R. Civ. P. 54.02.

In this case, the order granting summary judgment to Consumers only concluded the claim between Consumers and Plaintiffs. Not until May 8, 2009, when the trial court entered the order of voluntary dismissal and dismissed Ms. White as a defendant, were all claims adjudicated. Therefore, there was not a final judgment from which Plaintiffs could appeal, pursuant to Tenn. R. App. P. 3(a), until the entry of the voluntary dismissal. Plaintiffs filed the notice of appeal on June 5, 2009, within 30 days of the date of entry of the order of voluntary dismissal. *See* Tenn. R. App. P. 4(a). Accordingly, Plaintiffs' appeal is timely and this court has jurisdiction to decide this appeal.

## Summary Judgment

Plaintiffs contend that the trial court erred in granting summary judgment because the UM Endorsement did not exclude insurance coverage to the circumstances resulting in Mr. Fletcher's injuries.

Generally, the rules of contract construction apply to insurance contracts. *Tenn. Farmers Mut. Ins. Co. v. Witt*, 857 S.W.2d 26, 32 (Tenn. 1993). Insurance contracts should be construed so as to give effect to the intention and express language of the parties. *Tata v. Nichols*, 848 S.W.2d 649, 650 (Tenn. 1993). "In construing contracts, the words expressing the parties' intentions should be given their usual, natural, and ordinary meaning." *Snow-Koledoye v. Horace Mann Ins. Co.*, No. M2000-02954-COA-R3-CV, 2002 WL 225893, at *4 (Tenn. Ct. App. W.S., Feb. 14, 2002); *Rainey v. Stansell*, 836 S.W.2d 117, 119 (Tenn. Ct. App. 1992). The interpretation of a contract is a matter of law requiring de novo review on appeal. *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999).

In determining whether the Policy provides coverage for Mr. Fletcher's injuries, we consider the language of the Policy. The Policy consists of the Towing Renewal Declaration ("Declaration"), the BAC Form, and various endorsements that limit coverage including the UM Endorsement. The Declaration includes a graph listing the various types of coverage with a corresponding "symbol" that designates the covered auto along with the limit/deductible and the premium amount. For uninsured motorist coverage, the numerical symbol "7" appears in the symbol box. Section One of the BAC Form provides:

> Item Two of the Declarations shows the "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos." The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos."

In the "Description of Covered Auto Designation Symbols," the numerical symbol 7 designates,

Specifically Described "Autos" Only those "autos" described in Item Three of the Declaration for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

In the Declaration, the symbol 7 corresponds to a 1991 Ford F450 and a 1997 International Rollback. Thus, within the meaning of the policy, the covered autos are the Ford F450 and the International Rollback.

The UM Endorsement generally provides insurance coverage for damages caused by an owner of an "uninsured motor vehicle," and it modifies the insurance provided through the BAC Form. Because the UM Endorsement does not exclude coverage for the type of accident at issue in this case, Plaintiffs claim that uninsured motorist coverage is available for Mr. Fletcher's injuries. However, Plaintiffs' argument does not account for the language that limits uninsured motorist coverage to a covered auto. The UM Endorsement specifically states that it is "[f]or a covered 'auto' licensed or principally garaged in, or "garage operations" conducted in, Tennessee. . . ." Essentially, the uninsured motorist coverage is only applicable to the covered autos – the Ford F450 and the International Rollback –while in use for Mr. Fletcher's towing business.

Therefore, we conclude the uninsured motorist portion of the Policy does not provide benefits for Mr. Fletcher's injuries as a result of the accident with Ms. White. It is undisputed that at the time of the accident, Mr. Fletcher was the passenger in his friend's vehicle, a Ford Windstar, traveling to Walmart for Christmas shopping. In his deposition, Mr. Fletcher's testimony confirms that the trip was personal in nature. The uninsured motorist coverage under the Policy only extends to accidents involving the covered autos in the course of Mr. Fletcher's business. Thus, the injuries sustained by Mr. Fletcher in this accident do not fall within the scope of the uninsured motorist coverage.

Our conclusion in this case is consistent with prior holdings. In *Ferguson v. Jenkins*, 204 S.W.3d 779, 781 (Tenn. Ct. App. 2006), this court tackled a similar issue. In *Ferguson*, plaintiff sued the insurance company for damages he sustained from an accident with an uninsured motorist. *Id.* The insurance company denied benefits claiming that the policy "only covered vehicles owned by, and intended to be resold by the plaintiff's used vehicle dealership." *Id.* The trial court determined that the motorcycle that the plaintiff was driving was a "covered auto" under the policy, and this court affirmed. *Id.* Because the motorcycle was intended for resale in the plaintiff's business, this court held that it was a covered auto under the policy and reasoned:

The Uninsured Motorists Coverage portion of the Policy pertains to covered autos "licensed or principally garaged in, or 'garage operations' conducted in Tennessee." In other words, if the covered auto is for personal use, rather than for resale as part of the plaintiff's garage operations, the uninsured motorist coverage is not applicable.

*Id.* at 786. In this case, we adopt the same reasoning to reach the opposite result. Unlike *Ferguson*, where the plaintiff was injured while using a vehicle within the scope of his business, Mr. Fletcher's accident arose while riding in an uncovered auto unrelated to his business.

Accordingly, the trial court properly granted summary judgment in favor of Consumers. The Policy limits uninsured motorist coverage to the vehicle listed in the Declaration. *See Halloway v. Purdy*, No. W2007-02795-COA-R3-CV, 2009 WL 1362319, at *2-3 (Tenn. Ct. App. W.S., May 15, 2009) (affirming summary judgment in favor of insurance company after finding that the insurance policy "unambiguously limits its uninsured motorist coverage to the vehicles listed in the policy."). Under the undisputed facts of this case, Consumers is entitled to a judgment as a matter of law because the Policy expressly limited uninsured motorist benefits, and Mr. Fletcher was injured while occupying an uncovered auto. Hence, we affirm the trial court's grant of summary judgment.

Having decided the dispositive issue of this appeal, our conclusion pretermits any further discussion of the remaining issues.

## V. CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are taxed to the appellants, Floyd L. Fletcher and Fayda S. Fletcher. This case is remanded, pursuant to applicable law, for collection of costs assessed below.

_____
JOHN W. McCLARTY, JUDGE